UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KARYN HODGE,

                     Plaintiff,

    -against-

UNUM GROUP, THE PAUL REVERE LIFE
INSURANCE COMPANY and THE
PRUDENTIAL INSURANCE COMPANY OF
AMERICA,

                     Defendants.
------------------------------------------------------------x

**MEMORANDUM DECISION & ORDER**

08 Civ. 2276 (KAM)

**Matsumoto, District Judge:**

Plaintiff Karyn Hodge commenced this action against Unum Group ("Unum"), The Paul Revere Life Insurance Company ("Paul Revere") and The Prudential Insurance Company of America (collectively, "Defendants"), asserting a claim for breach of contract based on Defendants' rescission of her disability insurance policy, and seeking a declaratory judgment requiring Defendants to perform their obligations under the policy. Presently before the Court is Defendants' motion for summary judgment, pursuant to Fed. R. Civ. P. 56, based on the statute of limitations. For the reasons set forth below, Defendants' motion is granted and Plaintiff is given twenty days to file a motion for leave to amend the complaint.

### BACKGROUND

Upon review of the record, the Court finds that the relevant undisputed facts are as follows:

Paul Revere issued Plaintiff a disability insurance policy on April 10, 1996. (Defendants'

1

Rule 56.1 Statement ("Def. 56.1") ¶ 4). After the policy lapsed, Plaintiff applied for reinstatement on January 20, 1998, and, as part of that application, answered "NO" to the following questions:

> 13. Since the date of application for the policy(s) to be reinstated but within 5 years, has any person:
>
>     (c) Been treated by a physician or practitioner; been hospitalized or institutionalized; or been ill or injured?
>
> 15. Does any person have any physical or mental impairment?

Plaintiff then signed the Reinstatement Application after acknowledging:

> (1) I have read the statements and answers made above. They are, to the best of my knowledge and belief, true and complete and correctly recorded. The Company will rely on them in reinstating or placing in force any policy(s). The Company may contest any such policy(s) as to these statements and answers for a period of two years from the effective date of reinstatement.

(Def. 56.1 ¶¶ 14-15, Ex. 4)

The policy was reinstated on January 20, 1998. (Def. 56.1 ¶¶ 12-13)

On June 30, 1998, Plaintiff underwent surgery on her right rotator cuff and, in August 1998, submitted a claim for disability income benefits as a result of her "torn rotator cuff tendons [and] bone spurs in her right shoulder." (Def. 56.1 ¶¶ 17-18) Through its investigation of Plaintiff's claim for benefits, Paul Revere discovered that Plaintiff had failed to disclose certain medical information in her application for reinstatement of the policy. As a result of this discovery, in a letter dated October 27, 1998, Paul Revere advised Plaintiff of the status of her claim and notified her that the reinstatement of her policy was rescinded. Specifically, Paul Revere informed Plaintiff that the policy was voided because of her failure to disclose treatment for a rotator cuff problem prior to the reinstatement. (Def. 56.1 ¶¶ 20-25, Ex. 11) The October

27, 1998 letter stated that Paul Revere's Underwriting Department had reviewed Plaintiff's medical records and determined: "Had we been aware of the insured's medical history, . . . we would not have reinstated this policy – especially given the probability of surgery as noted at that time." The October 27 letter further stated: "Enclosed you will find a check in the amount of $1,676.83. This check provides you with a complete refund of all the premiums you have paid for your policy since it was reinstated on January 20, 1998. Your policy is not in force. . . . As your policy is not in force, we are unable to consider a claim for disability benefits arising from your recent surgery." (Def. 56.1, Ex. 11) Plaintiff negotiated the refund check on or about November 16, 1998. (Def. 56.1 ¶ 28, Ex. 12)

By letter dated January 14, 1999, Paul Revere again informed Plaintiff that her policy had been rescinded, explained its reasons and advised, "Enclosed with our letter of October 27, 1998 was a check in the amount of $1,676.83 which represented a refund of all premiums paid for your policy since it was reinstated on January 20, 1998. By cashing of this refund check is acknowledgment that the reinstatement policy is null and void and no longer in force." (Def. 56.1 ¶ 29, Ex. 13)

Approximately seven years later, on March 21, 2006, Defendants informed Plaintiff that her claim was eligible for reassessment as part of a Regulatory Settlement Agreement (the "RSA") entered into by Defendants, the United States Department of Labor and insurance regulators. (Glen Decl. in Opp. Mot. for Summ. Judg. ("Glen Decl."), Ex L) On May 23, 2007, in order to receive the reassessment, Plaintiff signed a Reassessment Information Form. The "Conditional Waiver and Release" included with the form provided, in pertinent part: "[A]ny applicable statute of limitations is tolled during the pendency of the reassessment of my claim;

however, I understand that my participation in the Claim Reassessment Process will not revive or reinitiate the statute of limitations with respect to the previous claim decision." (Glen Decl., Ex. M) After completing the reassessment, in a letter dated June 21, 2007, Unum informed Plaintiff that "the original decision to rescind [her] policy was appropriate." (Def. 56.1, Ex. 15)

Plaintiff filed the instant complaint in New York Supreme Court, Queens County on May 7, 2008. Defendants removed the action to this court on June 6, 2008 based on diversity jurisdiction under 28 U.S.C. § 1332(a).

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

A district court should grant summary judgment when there is "no genuine issue as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is appropriate only when, "after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party." *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir.1993) (citing *Matsushita Elec. Industr. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). The non-movant may not rely on "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986). Instead, when the moving party has documented particular facts in the record, "the opposing party must 'set forth specific facts showing that there is a genuine issue for trial.'" *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir.1986) (quoting Fed. R. Civ. P. 56(e)).

### II. STATUTE OF LIMITATIONS

The parties dispute whether the three-year statute of limitations provided in the policy

4

applies or whether New York's six-year statute of limitations for breach of contract applies. (*See* Def. Mem. at 12-18; Pl. Opp. at 4-5) The Court need not reach this issue because it finds that the claim is barred even under the six-year statutory period.

This action is based on Defendants' rescission of the reinstatement of the insurance policy. (*See, e.g.,* Pl. Opp. at 1) The rescission was communicated to Plaintiff in the October 27, 1998 letter, which unequivocally stated that the policy was no longer in force. Accordingly, Plaintiff's claim for wrongful rescission accrued on or about October 27, 1998. *See Terry v. Unum Life Ins. Co.*, 394 F.3d 108 (2d Cir. 2005) (calculating statute of limitations based on date insurer informed plaintiff that the policy was rescinded). The complaint was filed on May 7, 2008, almost ten years after the claim accrued. Therefore, even under the six-year statute of limitations period upon which Plaintiff relies, this claim was barred prior to the filing of the complaint.

Plaintiff contends that the limitations period began on June 21, 2007, when Paul Revere informed Plaintiff that, after reassessing her claim, it determined that the original decision on October 27, 1998 to rescind the reinstatement of the policy was appropriate. (Pl. Opp. at 6) Plaintiff asserts that the June 21, 2007 letter "represented the final decision in internal, formal review procedures running across a single, continuous period." (Pl. Opp. at 6) However, there is nothing in the record to indicate that the October 27, 1998 decision had been under review prior to the reassessment. Moreover, the limitations period regarding the October 1998 rescission of the reinstatement of Plaintiff's policy expired well before the reassessment began.[1] Furthermore,

---

[1] For these reasons, Plaintiff's reliance on *Block v. Teachers Ins., Annuity Ass'n*, 286 A.D.2d 298 (N.Y. App. Div. 2001), is misplaced. (Pl. Opp. at 6-7) In *Block*, days after the insurance company terminated the plaintiff's benefits, the plaintiff requested reconsideration of the decision and the insurance company responded that it would

although Defendants informed Plaintiff that, if she volunteered to participate in the reassessment process, they would review their prior decision, Defendants did not acknowledge that Plaintiff had a viable claim or indicate that the reassessment would restart the expired statute of limitations.[2] (Glen Decl., Ex L) Accordingly, the reassessment did not "revive[]" the statute of limitations (Pl. Opp. at 7). *See Forrest v. Paul Revere Life Ins. Co.*, 662 F. Supp. 2d 183, 193 (D. Mass. 2009) (because the limitations period expired before the reassessment began, the reassessment could not toll the statute of limitations); *Ayoub v. Unum Life Ins. Co.*, 06-cv-15768, 2007 WL 1059177, at *4 (E.D. Mich. Apr. 6, 2007) (reassessment did not affect statute of limitations because, "by the time the Claim Reassessment Process began, there was nothing left of Plaintiff's limitations period to toll").

## III. EQUITABLE TOLLING

Plaintiff argues in the alternative that, if the statute of limitations would bar this action, the Court should invoke the equitable tolling doctrine. (Pl. Opp. at 19) "The essence of the doctrine [of equitable tolling] is that a statute of limitations does not run against a plaintiff who is unaware of his cause of action." *Cerbone v. Int'l Ladies Garment Workers' Union*, 768 F.2d 45,

---

initiate a review upon receipt of medical evidence from the plaintiff. Approximately a year later, the insurance company advised the plaintiff that it would need additional medical information from her physician. Based on this history, the *Block* court found: "Clearly, plaintiff had ample reason to believe the defendant's reconsideration of its termination of disability benefits was ongoing." *Id.* at 299. Here, there is nothing in the record to indicate that the rescission decision was not final in October 1998 or that any reconsideration was "ongoing."

[2] Indeed, in order to participate in the reassessment process, Plaintiff was required to sign the "Conditional Waiver and Release," which stated in pertinent part: "I understand that my participation in the Claim Reassessment Process will not revive or reinitiate the statute of limitations with respect to the previous claim decision." (Glen Decl., Ex. M) Plaintiff attempts to avoid this waiver by arguing that, because the waiver says the statute of limitations will not be revived with respect to the *claim* decision, it does not apply to the *rescission* decision. (Pl. Opp. at 13) This argument, however, conflicts with Plaintiff's contention that the *Claim* Reassessment Process restarted the statute of limitations for the rescission decision. In any event, the waiver is an indication that the reassessment was not intended to restart the statute of limitations, and there is nothing in the record providing otherwise.

6

48 (2d Cir.1985). Here, there is no evidence that Plaintiff was unaware that the policy had been rescinded by letter dated October 27, 1998. Equitable tolling is inappropriate.

## IV. BREACH OF THE REGULATORY SETTLEMENT AGREEMENT

At oral argument, Plaintiff asserted for the first time that the statute of limitations has not run because she claims relief based on Defendants' alleged breach of the RSA. In a subsequent letter to the Court, Plaintiff contended that complaint paragraphs 31, 32 and 35 plead a cause of action for breach of the RSA. (Mar. 26, 2010 Glen Ltr.) Neither these paragraphs of the complaint nor any other portion of the complaint refers to the RSA. Indeed, Plaintiff's complaint attached the insurance policy, not the RSA. Thus, Plaintiff has not asserted a breach of contract claim based on the RSA.[3]

Nonetheless, the Court, *sua sponte,* grants Plaintiff twenty days from the date of this opinion to move, pursuant to the Court's motion practices (without need for a pre-motion conference), for leave to amend the complaint to include a cause of action for breach of the RSA. Should Plaintiff choose to pursue this option, Defendants shall have fourteen days after the date of plaintiff's motion to serve any opposition. Plaintiff shall then serve and submit all motion papers, including any reply, within seven days of the date of Defendants' opposition. If Plaintiff does not move for leave to amend the complaint, this case will be dismissed with prejudice. As provided by the court's motion practices, two courtesy copies of the parties' submissions shall be provided to chambers.

---

[3] Accordingly, the Court does not address Plaintiff's contention at oral argument, based on *MacLennan v. Provident Life & Accident Ins. Co.*, No. 3:07-cv-1213, 2009 WL 5064472 (D. Conn. Dec. 15, 2009), that she can assert a cause of action for breach of the RSA. *See, e.g., Nobel Ins. Co. v. City of New York*, 00 Civ. 1328, 2006 WL 2848121, at *16 (S.D.N.Y. Sept. 29, 2006) ("Normally, the Court will not consider arguments raised for the first time in a reply brief, let alone at or after oral argument.") (quotation and alterations omitted). If Plaintiff attempts to bring a claim for breach of the RSA, the viability of such a claim will need to be established.

## CONCLUSION

Defendants' motion for summary judgment is granted because Plaintiff's claims are barred by the statute of limitations. Plaintiff is permitted twenty days from the date of this opinion to serve a motion for leave to amend the complaint in the manner provided by the court's motion practices. If no such motion is filed, this action will be dismissed with prejudice.

SO ORDERED.

_____/s/_____
Kiyo A. Matsumoto
United States District Judge

Date: March 30, 2010
Brooklyn, New York